STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Thomas J.　　　}
Morse　　　　　　　　　　　　}
　　　　　　　　　　　　　　　}　Docket No. 174-8-00 Vtec
　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　}

Decision and Order

Appellant Thomas J. Morse appealed from the July 19, 2000 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brighton, denying his appeal of a Notice of Violation for operating a lodging establishment in a building in the Special Industrial zoning district. The Town has not filed any enforcement action against Mr. Morse based on the Notice of Violation. Appellant has appeared and represents himself; the Town is represented by Paul S. Gillies, Esq.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

The Grand View is a building built before the adoption of zoning in the Town of Brighton. It was owned by the Northeast Vermont Fish and Game Club (the Fish & Game Club) for many years prior to and after the adoption of zoning in Brighton in 1973, and was used by them for club meetings and events, dances and bingo, and was rented out by the Fish & Game Club to others[1] for meetings, banquets, and occasional overnight stays such as " camping out" in the building by the Boy Scouts, or overnight stays by club members during hunting season.

Under the zoning regulations in effect as of September 30, 1996, the property is located in the Special Industrial zoning district. Assuming that the uses of the property, including any lodging uses, had been conforming uses prior to this change in the zoning district, those uses were entitled to continue to the extent they were being so used as of September 30, 1996. Under § 504, they could be expanded by up to 20%, upon approval by the ZBA and a finding that the proposed expansion " does not adversely affect the surrounding area."

The zoning regulations also contain a provision regulating the discontinuance or abandonment of non-conforming uses. § 502.3. Non-conforming uses are allowed to continue, but they may not resume after being discontinued or abandoned for twelve months or more. The intent to resume a non-conforming use does not confer the right to do so. § 502.3.

Appellant purchased the property on February 29, 1996. The Town had no zoning administrator during the first quarter of 1996. Appellant purchased the property as an ongoing business and was entitled to continue any preexisting nonconforming uses[2] that had been undertaken by the

Fish & Game Club and which had not been abandoned as of the date he purchased. The Fish & Game Club had the parking lots at the property plowed up to the time of the sale to Appellant.

Two snowmobilers stayed overnight for one night at the property in March 1996. They did not pay[3] Appellant for the lodging.

Even assuming that lodging as well as the other banquet and meeting hall uses were made of the property up to the time Appellant purchased it, those uses had to have been continued to be made as of September 30, 1996 to achieve pre-existing non-conforming status when the Special Industrial zoning requirements went into effect. The evidence did not reflect that lodging uses were made on the property as of September 30, 1996.

Even assuming that Appellant were making a commercial lodging use of the property as of September 30, 1996, the evidence showed that for more than twelve months after that date Appellant did not make a commercial lodging use of the property, even though he continued to have plans to do so, and purchased and built dormitory furniture for that purpose. Therefore, Appellant's grandfathered right to make a lodging use of the property lapsed at least as of October 1997.

The property remained a meeting hall/dance hall/banquet hall, which could continue to be used commercially for those purposes, such as political or community meetings, family reunions, anniversary parties, wedding parties, and dances. Any nonconformities of lot area or setback remained preexisting and grandfathered. The fact that the right to make a lodging use of the building has lapsed does not limit Appellant's right to continue those other commercial uses of the property, if those commercial uses did not also lapse. However, the right to continue lodging uses in the building lapsed at least as of October, 1997, as Appellant failed to continue that nonconforming use of the property after the Special Industrial zoning requirements went into effect.

This ruling is not affected by the possible existence of other violations in the Industrial zone, or in other zones. If an enforcement case were filed against him, Appellant would have the opportunity of arguing that he has been singled out for enforcement, but only by making the threshold showing required by In re Appeals of Letourneau 168 Vt. 539, 549 (1998). The landowner must show more than that the municipality has failed to enforce the zoning ordinance in similar circumstances. Rather, the landowner must meet a two-part test and must show both that "the person, compared with others similarly situated, was selectively treated;" and that the "selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." [Citations omitted.] In re Appeals of Letourneau 168 Vt. at 549.

However, we wish to note specifically that Appellant is entitled to apply to the ZBA for approval of his lodging proposal (and any other commercial use of the building that may also have lapsed) as a conditional use in a preexisting building. In the Industrial and Special Industrial zoning districts, the following use categories may be applied for as conditional uses: single, double or multiple-unit dwellings; auto service stations; contractors' yards; and commercial uses. The term "commercial use" is not defined in the zoning regulations. Because it is not otherwise defined,

we must interpret it most favorably to the landowner to include all the uses allowed[4] in the commercial district. These uses include hotel, motel, dormitory, and membership clubhouse (which may include dormitory accommodations). Therefore, Appellant is free to apply for the lodging use of his property as a conditional use, and to appeal to this Court from any adverse ruling of the ZBA on that application.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Notice of Violation for Appellant's lodging use of the property is UPHELD. However, we specifically note that the Notice of Violation and this decision do not limit or affect Appellant's rights to make any commercial use of this property which he may be entitled to make under the zoning regulations, including lodging use of the property, by applying for conditional use approval to do so. Further, the Notice of Violation and this decision do not limit or affect Appellant's rights to make any commercial use of this property, other than lodging, which he may be continue to be entitled to make as a pre-existing, nonconforming (grandfathered) use.

We note that the evidence in this case includes some original documents. Mr. Morse may arrange with the staff of the Environmental Court for the return of any evidence after the appeal period has expired if no appeal is filed.

Done at Barre, Vermont, this 16th day of October, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    Such as the 4-H Club, the Boy Scouts, a motorcycle club, and the Northeast Kingdom Community Church.

2.    The evidence was not clear as to which district the property was in at the time of Appellant's purchase of the property. Because of this, we have analyzed it both as if the lodging uses were allowed at the time of purchase, and only became nonconforming as of September 30, 1996, and also as if lodging uses were already pre-existing nonconforming uses as of the time of purchase.

[3.] Even if they had paid, this was the only evidence of the building's being used for lodging between March 1, 1996 and November 1998. Thus, the most Appellant can claim is that a single night's lodging use for two individuals had not lapsed or been abandoned as of September 30, 1996.

[4.] The parties should not be misled by the fact that some of those uses are allowed as permitted uses in the commercial district. In the Industrial districts, all commercial uses not listed as permitted uses must obtain a conditional use permit.